■ RALPH VAN KLEECK et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 39285.) THOMAS MORRIS, Also known as CARROLL MORRIS, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 39286.) — *Per Curiam.* In an appropriation case the State of New York appeals from judgments and awards of the Court of Claims in the total sum of $161,254. The entire subject parcel comprised about 19 acres of land of which 17.453 acres, including 6.244 acres actually taken consisted of clear, level land bordering Route 28 at grade for 500± feet whose highest and best use was found to be that of a regional shopping center and to which the trial court assigned a preappropriation per-acre value of $10,350. Five acres of the remaining land nearest the public highway were found to have been reduced to low grade commercial use; another acre thereof was deemed to be available for a residential homesite and the balance, comprising slightly more than five acres, was regarded as suitable only for truck gardening; an after value of $2,000 per acre was given to the homesite and the commercial acreage rated as inferior because of the taking and the unit value of $1,500 applied to the consequentially affected agricultural land. Recently we have had occasion to review an award for direct and consequential damages to similarly situated lands abutting the subject property on the west which were also found to possess the capacity for identical commercial development. (*Godfried* v. *State of New York,* 22 A D 2d 973.) There, as here, testimony of value based in considerable part upon like-assembled market value data was adduced from the same expert witnesses. In reducing the award in *Godfried* we found a before taking unit value of $6,500 per acre and affirmed the trial court's after taking value of $1,000 per acre which the State on appeal did not dispute. The reasons which constrained modification in that case are equally applicable to this and upon a record not essentially divergently constituted the same evaluations should follow here. The State's expert witness assigned a value of $15,000 to the improvements located within the appropriation area. Since our view more closely approximates his estimate of land value than that proposed by claimant's witnesses which doubtless was the predicate of their theory that the buildings constituted an underimprovement, we conclude that damages in the indicated amount should be included in the award. Respondents seem to be content with the apportionment made by the trial court for damages resulting from the appropriation of the leasehold interest in the premises. Judgment in favor of the respondent fee owners modified, on the law and the facts, by reducing the award to $109,847 and appropriate interest, and, as so modified, affirmed, without costs; judgment in favor of the respondent owner of the leasehold affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.